IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br>GORDON GRABAU,<br>　　　　Defendant. | Case No. 22-cr-53-CJW<br><br>REPORT AND RECOMMENDATION |

_____

## I.　INTRODUCTION

The matter before the Court is Defendant's *pro se* correspondence filed as a motion for return of property. (Doc. 89.) The Government filed a response. (Doc. 93.) Defendant filed a reply. (Doc. 96.) I have determined that no hearing on the instant motion is necessary.

## II.　BACKGROUND

On June 23, 2022, a grand jury returned an Indictment charging Defendant with receipt and possession of child pornography. (Doc. 3). On October 17, 2022, pursuant to a plea agreement, defendant pleaded guilty to receipt of child pornography. (Docs. 26, 28.) As part of his plea agreement, Defendant stipulated to the following facts:

> On July 1, 2021, law enforcement officers searched defendant's home in Marion, Iowa, pursuant to a federal search warrant. During the search, officers seized numerous electronic devices. A number of devices that were seized were sent off for forensic imaging and review to allow them to be searched for child pornography. Five devices, including a Western Digital Removable Drive, contained child pornography. The Western Digital Removable Drive contained 98,483 files of child pornography. The other four devices combined contained an additional 70,297 files of child pornography. Defendant received the child pornography over the internet and through the use of a computer and peer-to-peer software.

1

(*Id.*) There is no allegation that law enforcement seized any other property from Defendant on July 1, 2021, or at another time. Paragraph 20 of the parties' plea agreement provides:

> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's property seized on July 1, 2021. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

(Doc. 28 at 8.)

Defendant's motion asserts "the government seized some of my personal property. I would like to have said property returned to me/my brother." (Doc. 89.) In resistance, the Government states,

> Here, the only property the government is aware OF that was seized from defendant was seized on July 1, 2021, during a search of defendant's residence. Pursuant to paragraph 20 of defendant's plea agreement, defendant has abandoned any such property, as well as any property seized at the time of his arrest. (Docket 28). If defendant believes that property was seized from him that he has not abandoned and forfeited pursuant to this agreement, the government requests he provide specific items he believes fall outside of his agreement. Absent such information, the government resists defendant's motion because he voluntarily abandoned and forfeited any and all claim to the property that was seized from him as part of his knowing and voluntary agreement to [plead] guilty.

(Doc. 93, emphasis in original.)

In his reply, Defendant states that he "did not knowingly abandon nor forfeit any personal property that was seized during an execution of a search warrant on July 1, 2021 at his residence." (Doc. 96.) Defendant also states that he is not seeking the return of

property used as evidence against him and that he is unable to specify items the Government deems evidence.

### III. DISCUSSION

#### A. *Applicable standards*

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

First, "[t]he movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is . . . satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." *Id.* The burden then shifts to the Government to "establish a legitimate reason to retain the property." *Id.* at 397.

#### B. *Analysis*

As quoted above, paragraph 20 of the parties' plea agreement provides:

> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's property seized on July 1, 2021. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

(Doc. 28 at 8.) The plea agreement was admitted in evidence at Defendant's October 17, 2022, change of plea hearing. At that hearing, per my normal practice, I established

3

that Defendant had reviewed the agreement in detail with his attorney prior to signing it and that his signature indicated that he read, understood, and agreed to the terms of the plea agreement. Furthermore, his initials by each paragraph (including paragraph 20) indicated his agreement to the terms of each paragraph.

It is now approaching two years since Defendant signed the plea agreement and he may not have had a copy to review as he prepared his motion. Perhaps this accounts for his apparent misunderstanding of the scope of the property he forfeited. The forfeiture provision he agreed to is not limited to "evidence." By the plain terms of the plea agreement, it is not necessary for the Government to have deemed certain items to be evidence or to have offered them into evidence. Rather, Defendant forfeited "any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's property seized on July 1, 2021." (*Id.*)

Because Defendant's motion relates solely to items seized on July 1, 2021, the plain terms of his plea agreement preclude his claim for their return.

## IV. CONCLUSION

I respectfully recommend that Defendant's pro se correspondence, which I have treated as a motion to return seized property pursuant to Fed. R. Crim. P. 41(g), (**Doc. 89**) be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to

appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

    **DONE AND ENTERED** this 30th day of September, 2024.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

5