# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-CR-53 CJW-MAR |
| Plaintiff, | |
| vs. | **ORDER** |
| GORDON GRABAU, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court on a Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny defendant's motion for return of property. (Doc. 97).

On August 12, 2024, defendant filed a pro se pleading which the Clerk of Court filed as a motion for return of property. (Doc. 89). On August 15, 2024, the Court ordered the government to file a response. (Doc. 90). On September 9, 2024, the government filed a timely response. (Doc. 93). On September 23, 2024, defendant filed a reply. (Doc. 96). Judge Roberts issued his R&R on September 30, 2024, giving the parties fourteen days to file any objections. (Doc. 97). On October 15, 2024, defendant filed a motion for an extension of time to file an objection. (Doc. 99). The Court granted the motion and gave defendant until December 16, 2024, to file an objection. (Doc. 101). That date has come and gone without any objection from defendant.

## II. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

2

Case 1:22-cr-00053-CJW-MAR    Document 103    Filed 01/07/25    Page 2 of 5

## III. DISCUSSION

On June 23, 2022, a grand jury returned an Indictment charging defendant with receipt and possession of child pornography. (Doc. 3). On October 17, 2022, defendant pleaded guilty under a plea agreement to receipt of child pornography. (Docs. 26, 28). As part of his plea agreement, defendant stipulated to the following facts:

> On July 1, 2021, law enforcement officers searched defendant's home in Marion, Iowa, pursuant to a federal search warrant. During the search, officers seized numerous electronic devices. A number of devices that were seized were sent off for forensic imaging and review to allow them to be searched for child pornography. Five devices, including a Western Digital Removable Drive, contained child pornography. The Western Digital Removable Drive contained 98,483 files of child pornography. The other four devices combined contained an additional 70,297 files of child pornography. Defendant received the child pornography over the internet and through the use of a computer and peer-to-peer software.

(Doc. 28, at 3). There is no allegation that law enforcement seized any other property from defendant on July 1, 2021, or at another time. Paragraph 20 of the parties' plea agreement provided:

> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's property seized on July 1, 2021. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

(*Id.*, at 8).

In his motion, defendant asserted "the government seized some of my personal property. I would like to have said property returned to me/my brother." (Doc. 89). In resistance, the government stated:

> Here, the only property the government is aware OF [sic] that was seized from defendant was seized on July 1, 2021, during a search of defendant's residence. Pursuant to paragraph 20 of defendant's plea agreement, defendant has abandoned any such property, as well as any property seized at the time of his arrest. (Docket 28). If defendant believes that property was seized from him that he has not abandoned and forfeited pursuant to this agreement, the government requests he provide specific items he believes fall outside of his agreement. Absent such information, the government resists defendant's motion because he voluntarily abandoned and forfeited any and all claim to the property that was seized from him as part of his knowing and voluntary agreement to [plead] guilty.

(Doc. 93, at 2.)

In reply, defendant stated he "did not knowingly abandon nor forfeit any personal property that was seized during an execution of a search warrant on July 1, 2021 at his residence." (Doc. 96.) Defendant also stated that he is not seeking the return of property used as evidence against him and that he is unable to specify items the government deems evidence.

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

First, "[t]he movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is . . . satisfied by showing that the property was seized from the movant's possession, as a person from

4

whom property is seized is presumed to have a right to its return." *Id*. The burden then shifts to the government to "establish a legitimate reason to retain the property." *Id*. at 397.

Here, as Judge Roberts explained in his R&R, defendant agreed to forfeiture of property seized from him. The plea agreement was admitted in evidence at defendant's October 17, 2022, change of plea hearing. (Doc. 26). At that hearing, per Judge Roberts' normal practice, he established that defendant had reviewed the agreement in detail with his attorney prior to signing it and that his signature indicated that he read, understood, and agreed to the terms of the plea agreement. Furthermore, his initials by each paragraph (including paragraph 20) indicated his agreement to the terms of each paragraph. (Doc. 28, at 8). The forfeiture provision he agreed to is not limited to "evidence." By the plain terms of the plea agreement, it is not necessary for the government to have deemed certain items to be evidence or to have offered them into evidence. Rather, defendant forfeited "any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's property seized on July 1, 2021." (*Id.*).

Because defendant's motion relates solely to items seized on July 1, 2021, the plain terms of his plea agreement preclude his claim for their return.

## IV. CONCLUSION

For these reasons, the Court **adopts** the Report and Recommendation (Doc. 97) without modification. Defendant's motion for return of property (Doc. 89) is **denied**.

**IT IS SO ORDERED** this 7th day of January, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

5

Case 1:22-cr-00053-CJW-MAR    Document 103    Filed 01/07/25    Page 5 of 5